UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACK CORY PUTNAM and RACHEL PUTNAM, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:11-CV-1492 (CEJ) |
| ENGINE AND TRANSMISSION WORLD, L.L.C., et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the separate motions of defendants Transmission World, L.L.C., Mark Dogrenko, Dale Jones, and Allen Simmons to dismiss this action for lack of subject-matter jurisdiction and for failure to state a claim for relief.  The plaintiffs have not responded to the motions.

I. **Background**

Plaintiffs bring this action asserting claims of fraud and breach of warranty arising from their purchase of an automobile engine.  Plaintiffs allege that they are citizens of Missouri and that "the defendants and their company are residents, and doing business in and out of Wisconsin." According to the complaint, the plaintiffs paid the defendants $2,040 for the engine, which included shipping costs and the cost of a three-year warranty.  Plaintiffs allege that defendants claimed that all of their auto parts are tested to ensure quality and that they come with a 100% guarantee. Plaintiffs allege that the engine was broken when it arrived and, as a result, they incurred an additional expense of $160 for repair work.  Documents attached to the complaint show that defendant Engine and Transmission World disputed plaintiffs' claim that the engine was broken.  However, it accepted the return of the engine and issued

plaintiffs a partial refund of $1,040.  The balance of $1,000 was retained by defendant for shipping and re-stocking expenses.

Plaintiffs seek "return of their monies together with cost to date" and punitive damages of $50,000 for each plaintiff.  Plaintiffs also seek an injunction prohibiting the defendants from continuing to do business.

## II.    Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006).  The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987); see also Joyce v. Armstrong Teasdale, LLP, No. 4:08-CV-1390, 2010 WL 3613942 (E.D. Mo. 2010) (remanding to this Court to conduct jurisdictional discovery). Further, statutes conferring diversity jurisdiction are to be strictly construed.  Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).  The party invoking jurisdiction bears the burden of proving that all prerequisites to jurisdiction are satisfied.  See In re BusinessMen's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  In a facial attack on subject-matter jurisdiction, the court restricts itself to the face of the pleadings. Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). All factual allegations concerning jurisdiction are presumed to be true, and dismissal is proper if the plaintiff fails to allege an element necessary for subject-matter jurisdiction. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

In this case, plaintiffs assert jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a).  Jurisdiction under § 1332(a) requires that there be complete

diversity of citizenship between parties and that the amount in controversy exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The district court has subject-matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002).

In determining whether the amount in controversy requirement has been met, it is appropriate to consider the amount of compensatory damages and punitive damages that are being sought. Allison v. Security Ben. Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992). However, punitive damages are scrutinized more closely in making this determination "to ensure that Congress' limits on diversity jurisdiction are properly observed." State of Missouri. ex rel. Pemiscot County, Mo. v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995) (citing Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994)).

The Supreme Court has not established a concrete constitutional limit on the ratio between harm, alleged harm, or potential harm, to a plaintiff and a reward of punitive damages. The Court has, however, commented that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003). Thus, in assessing the amount in controversy, a number of courts have looked to the ratio of punitive damages to compensatory damages being sought in a case. See Thomas v. National Legal Professional Associates, 594 F. Supp. 2d 31, 32-33 (D.D.C. 2009) (punitive-to-compensatory ratio of 6.5:1 satisfied due process); McQueen v. Woodstream Corp., 672 F. Supp. 2d 84, 91-92 (D.D.C. 2009) (punitive-

to-compensatory ratio of 5000:1 violated due process); Hunter v. District of Columbia, 384 F. Supp. 2d 257, 261 (D.D.C. 2005) (punitive-to-compensatory ratio of 13:1 violated due process).

in order for the plaintiffs to recover punitive damages, they must make "a showing, by clear and convincing proof, of a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act, or a reckless disregard for an act's consequences (from which evil motive is inferred)." Werremeyer v. K.C. Auto Salvage Co., 134 S.W.3d 633, 635 (Mo. 2004).  Here, plaintiffs returned the engine and requested a refund of  the $2,040 purchase price.  The defendants accepted the return, but refunded only $1,040, retaining the balance for shipping and re-stocking fees.  It is evident from the materials submitted by plaintiffs that the parties disagreed about the condition of the engine and sought to resolve the dispute.  The circumstances as described in the complaint and documents submitted by plaintiffs fail to evince any "evil motive" or any facts from which it could reasonably be inferred.

Even if punitive damages were appropriate, the amount sought here bears no reasonable relationship to the harm plaintiffs' allege. The plaintiffs claim out-of-pocket losses of $1,160.  Yet, they seek punitive damages of more than 80 times that amount.  The Court finds that the punitive-to-compensatory damages ratio is so excessive as to be inconsistent with due process.  Therefore, it is inappropriate to consider the amount of punitive damages claimed by plaintiffs in determining whether the amount in controversy requirement has been met.  As a result, the Court concludes that plaintiffs have not established this requirement for invoking diversity jurisdiction.

Although this point was not raised by defendants, there is further deficiency in plaintiffs' complaint. Section 1332(a) requires complete diversity of citizenship, which

"exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions L.L.C. v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). " An L.L.C.'s citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." Id. Plaintiffs allege that defendant Transmission World L.L.C. is a resident of and does business in Wisconsin. The citizenship of the defendant's members is not alleged.  Thus, on its face, the complaint fails to establish complete diversity of citizenship of the parties.

### III.   Conclusion

Plaintiffs have failed to allege facts that satisfy both the amount in controversy and the diversity of citizenship requirements of 28 U.S.C. § 1332(a).  Thus, their complaint must be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motions to dismiss [Doc. # 17 and # 26] are **granted**.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2012.